(No. 5599

BILLY EUGENE VAUGHN, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 2, 1979.*

RAYMOND LAWLER, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POCH, J.

The Claimant, Billy Eugene Vaughn, seeks recovery for personal injuries he sustained when the tractor-trailer which he was driving hit an excavation in the highway on Route 13, approximately two miles west of Harrisburg, Illinois, on January 31, 1968, at 3:30 a.m.

The Claimant testified he was driving a tractor and semi-trailer westbound on Route 13 near Harrisburg, Illinois, on January 3, 1968. The State was making certain repairs to Route 13, commencing at a point approximately two miles west of Harrisburg, where a series of four holes were excavated in the eastbound lane of Route 13, which was a two lane, two way traffic, paved roadway. There were signs, flares and barricades installed. The area in question was relatively flat and straight.

The signs along the roadway indicated that there was work being performed ahead and that there was only one lane for traffic. The signs were repeated between each set of barricades.

After having passed two sets of barricades, he came upon the third set of barricades but instead of being in the eastbound lane to his left, the lighted pot flares and barricades were in his lane immediately ahead of him. Claimant swerved to avoid the barricade and hit the excavation. Claimant's vehicle went out of control and came to rest off the roadway approximately 490 feet west of the excavation with which he collided. There had been no rain at the time of the accident and there was no impediment to visibility.

The Claimant was injured as the result of this accident and incurred $1,111.58 in medical expenses and was disabled and unable to work for over 30 weeks and suffered fractures of a knee and to a vertebra.

A. D. Stuby had been hired by the State to make sure the barricades were properly placed and that the warning flares remained lit. Prior to the accident, Mr. Stuby had driven past the barricades at approximately 2:15 a.m. on January 3, 1968, and, at that time, all barricades were in position and all flares lit. At the time of the accident, Mr. Stuby testified that he was sitting in his automobile next to the highway approximately 500 feet west of the point of the accident. Mr. Stuby indicated that it was possible to observe the barricades at the point of the accident. He said that it was possible to observe the barricades at the point of the accident from the place he was sitting in his car during day light hours but it was not made clear if this was possible during the night.

Mr. Stuby also stated that a second car had hit the

excavation and had fallen into it by the time he had arrived at the scene.

Carl DeWitt, witness called by the Respondent, testified that he was a maintenance engineer on the date in question and that he was responsible with reference to repair work on Route 13, approximately two miles west of Harrisburg. The shoulders were relatively wide and there was a number of driveways. He went to the scene after the accident and found no skid marks. The approximate depth of the excavation in question was 18 inches.

The Claimant alleges that the Respondent breached the duty it owed the Claimant to exercise ordinary care and caution in maintaining the highways in a reasonably safe condition for the motoring public by giving warnings of dangerous and hazardous conditions, by the erection of proper barricades and warning lights in and near the portion under repair, and to further take reasonable precautions that such warning devices remained in place and were in proper working order.

It is well settled that the State is not an insurer against accidents that may occur by reason of the condition of a State highway. *Bloom v. State, 22 Ill. Ct. Cl. 582, 584 (1957).* However, the State does have the duty to exercise reasonable care in the maintenance and care of its highways so that dangerous conditions likely to injure persons lawfully on the highway shall not exist. *Metzler v. State, 27 Ill. Ct. Cl. 207, 209, (1971); Pacific Ins. Co. of New York v. State, 27 Ill. Ct. Cl. 91, 94 (1971).*

Where repair work is taking place, all the Respondent has to do is use reasonable safeguards in warning the traveling public of the locations where such work is

in progress. *Ferry v. State, 22 Ill.Ct.Cl. 279, 281 (1971).*

The placing of warning signs of the conditions of the roadway to be met by a motorist is sufficient to fulfill the obligation of the State to the users of the highway. *Grant v. State, 21 Ill.Ct.Cl. 563 (1954); Ohms v. State, 30 Ill.Ct.Cl. 410, 415 (1975).*

There was no evidence presented by Claimant that the State was negligent through the conduct of its watchman, A. D. Stuby. He periodically drove through the area in his own auto to see that the barricades were properly placed. Within 90 minutes before the accident, Stuby had driven through the area and found all barricades were properly placed. The Claimant did not present any evidence on how the barricades were moved to the opposite side of the highway.

In order to recover, the Claimant must show that the State had actual or constructive notice of the defect that caused the injury. *Weygandt v. State, 22 Ill.Ct.Cl. 478, 485 (1957).*

As to constructive notice of highway defects, each case must be decided on its own facts. *Palecki v. State, 27 Ill.Ct.Cl. 108, 110 (1971).*

There is nothing in the record to show that the State's watchman was negligent. There was no actual notice to anyone before the Claimant came upon the scene that someone had moved the barricades. Only 75 minutes had elapsed between Stuby's last visit when all signs and barricades were properly placed, and the time of the accident. There was neither actual notice nor constructive notice to the Respondent that there was a change in the road condition that would lead to an accident. The State had discharged its duty to the public and could not be held here to foresee that crimi-

nal or negligent acts of a third person would proximately cause the injuries to the Claimant by moving the barricade to the wrong side of the roadway. In this case, the proximate cause of Claimant's injuries was the acts of third persons outside the control and foreseeability of the Respondent.

The Claimant has not proved that the Respondent was negligent and that such negligence proximately caused his injuries. Therefore, this claim is hereby denied.